## Commonwealth v. Cohen

*C. E. Theobald*, borough solicitor, for plaintiff.
*Barney Phillips*, for defendant.

McDONALD, J., April 29, 1940.—This case comes before the court on defendant's appeal from his conviction for the

violation of an ordinance of the Borough of Millvale, in this county. The facts in the case are not in dispute, and as the court understands the agreed statement of facts as stated to him at the time of trial of this case, those facts are as follows:

Defendant is a citizen residing in the Borough of Millvale who operates a place of business, which we understand to be that of a drug store, and, as is the case with most modern drug stores, also dispenses ice cream, confectionery, and other merchandise. His place of business is located in or very near to what would be considered the business district of the Borough of Millvale and is located upon a corner of two streets in that borough. For some time it has been his practice to advertise his merchandise for sale by displaying upon the windows in the front of his place of business and in a window along the side of his place of business certain paper signs which are sometimes of a size as much as three by four feet, and which said paper signs are attached to the window pane through the use of adhesive paper or some other type of adhesive. There is no allegation or claim on the part of the borough that any of these signs have been placed by defendant other than upon the windows of his place of business. Neither is there any allegation or claim that any of these signs have ever become displaced from the window panes of defendant's place of business either through the action of the elements or through the action of persons. In other words, there is no allegation or claim that these particular signs have ever at any time been a nuisance to the general public in the sense that they have littered the streets of the Borough of Millvale.

The Borough of Millvale has an ordinance which was ordained and enacted into a law on November 5, 1904, the pertinent parts of which provide as follows:

"Section 1—That it shall henceforth be unlawful for any person, firm, or corporation to maintain any billboard or boards, for the purpose of advertising or bill posting, within the limits of the borough of Millvale, without first

obtaining a license from the burgess of said borough, as regulated by the terms of this ordinance.

"Sec. 2—It shall be unlawful for any person to engage in bill posting or sign advertising in any manner whatsoever within the borough of Millvale, without first having obtained a license from the burgess of said borough, as regulated by the terms of this ordinance."

The ordinance thereafter proceeds to provide and to require that the burgess shall issue the required license to any person making application therefor, and provides for the charge to be made for such license. It further provides that any person desiring to advertise by bill posting or sign advertising upon places not regularly licensed under the provisions of the ordinance shall pay a license fee of $50 per year. It then provides for penalties for violation of the provisions of the ordinance in amounts of not less than $20 or more than $50 for each offense, and in default of payment of the penalty to undergo imprisonment not exceeding 30 days.

The ordinance involved is a penal statute and must, therefore, be strictly construed. So construing the same, we immediately come to the conclusion that defendant's action cannot possibly violate the provisions of the first section of the ordinance. A strict construction of the section cannot construe the property occupied by defendant, or the store windows thereof, as a billboard and we think that no reasonable person will seriously contend that either the building or its windows are such. A billboard may be defined as being a board, panel, or tablet of some kind which is designed or intended for the posting of signs or placards, and certainly neither the building nor the store windows were designed or intended for that purpose, even though they might be occasionally so used. It is that type of construction which the law requires us to place upon the ordinance in question and it is that type of construction which we have applied in arriving at the conclusion already expressed with reference to the first section of the ordinance.

It remains, therefore, to determine whether defendant's actions violated the second section of the ordinance as above quoted, and if they did, whether the ordinance is constitutional insofar as it applies to such actions of defendant.

It is our conclusion that defendant's actions in advertising in the manner hereinbefore set forth did consist of "sign advertising" within the meaning of the second section of the ordinance. It is also our conclusion, however, that insofar as the ordinance attempts to require defendant to procure and pay for a license or permit in order to place such signs upon his place of business, it is an arbitrary and unreasonable exercise of the police power of the Borough of Millvale and an unlawful and unconstitutional interference with defendant's property rights. To hold that the borough can so require a license for one to post such signs on his own property as were posted by defendant in this case would also be to hold that a property owner might be required to obtain a license before he might paint or carve his name and the nature of his business upon his own property, and such result is so preposterous that the unconstitutionality of such an ordinance is immediately apparent.

The borough does have the right to enact ordinances it deems necessary to prevent nuisances and to punish those acts which are in fact nuisances. It could, for example, enact ordinances which would punish defendant if he attached signs to his building in such a way that a reasonable foresight would warn him that, through the action of the elements or of persons, they did, or were likely to, litter the streets and by so doing become a nuisance—but such is not the ordinance before us. By merely paying for and obtaining a license, under the terms of the ordinance, he may continue to do exactly as he has been doing—nuisance or not—and it is that distinction which leads us to the conclusion hereinbefore expressed.

Defendant will be found not guilty and the costs shall be paid by the Borough of Millvale.